UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NANCY McBRIDE,
    Plaintiff,                                CASE NO.:

vs.

                                                     JURY TRIAL DEMANDED

THE NATIONAL CENTER FOR MISSING
AND EXPLOITED CHILDREN, INC.
A foreign Not for Profit Corporation
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, NANCY McBRIDE ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN, INC, a Foreign not for Profit Corporation ("NCMEC") and states as follows:

**NATURE OF THE ACTION**

    1.    Nancy McBride, a 69 year old female, is pursuing claims for unlawful age and sex discrimination and retaliation against NCMEC.  In 1982, Ms. McBride was hired by The Adam Walsh Child Center before it merged with the National Center for Missing and Exploited Children, Inc. in 1990.  Ms. McBride continued her employment with NCMEC as Executive Director for the Florida Office, and continued in their employ until her termination on or about June 7, 2018.  Immediately prior to her termination, Ms. McBride was tasked with training a younger male employee, who eventually took over the role Ms. McBride had filled.

    2.    Ms. McBride seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount she is found to be entitled; (iii) liquidated damages in whatever amount she is found to be entitled; (iv) an award of interest,

costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. Because the state claims arise out of the same nucleus of operative facts as do the federal claims, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant regularly conducts business in this judicial district and the majority of the acts complained of took place in this judicial district.

## PARTIES

5.  At all times material to this action, Plaintiff was a resident of Palm Beach Gardens, Palm Beach County, Florida.

6.  At all times material to this action, Defendant NCMEC was and is a Foreign for Non Profit Corporation incorporated in the State of Delaware and doing business in Lake Park, Palm Beach County, Florida.

7.  At all times material hereto Plaintiff, Nancy McBride, was a female over the age of 40 who was employed by the Defendant for approximately 28 years, first as the Executive Director of the Florida office and then as Executive Director, Florida Outreach.

8.  At all material times, Plaintiff was protected by the ADEA because she is over forty years of age.

9.  At all material times, Plaintiff was and is an "employee" as contemplated by the

ADEA.

10. At all times material Defendant NCMEC was and is an "employer" as defined by 29 § U.S.C. 630(b), and 42 U.S.C. § 12111(5)(a).

11. At all times material hereto Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

12. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the ADEA.

13. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as well as Fla. Stat. 760 et. seq. (the "FCRA"), by virtue of her sex and gender.

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

15. At all times material hereto, Defendant was an "employer" covered under Title VII and the FCRA.

## SATISFACTION OF CONDITIONS PRECEDENT

16. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

17. The EEOC issued plaintiff a Dismissal and Notice of Right to Sue letter against the Defendant with regard to this matter. A copy of the Right to Sue letter is attached as Exhibit A.

18. Plaintiff files her complaint within the applicable statute of limitations.

19. Jurisdiction over these claims is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charges, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the

same facts and circumstances as the federal claims.

20. All conditions precedent to the filing of this lawsuit have been waived and/or satisfied.

## GENERAL ALLEGATIONS

21. Plaintiff was originally hired by The Adam Walsh Resource Center that merged in 1990 with The National Center for Missing and Exploited Children.

22. Subsequent to the merger, Plaintiff assumed the position of Executive Director for the Florida Region from 2013 through 2015.

23. From 2015 until the time of her termination, Plaintiff was the Executive Director, Florida Outreach.

24. At the same time, Plaintiff experienced a hostile work environment where she was for the most part left to manage and adapt to a new division structure, Plaintiff was no longer involved in the planning and development of certain projects.

25. In spite of everything, Plaintiff continued her focus on her new title and fulfilled her job duties.

26. In or around the early part of 2018, Plaintiff was tasked with training a younger male employee regarding her particular role and job duties.

27. On or around June 7, 2018, after Plaintiff had sufficiently trained the younger male employee, Plaintiff's employment was terminated, allegedly due to company organizational restructure.

28. On information and belief, the younger male employee took over Plaintiff's job duties after her termination.

29. On information and belief, at least 4 other long term employees were also restructured or terminated.

4

30. Defendant's decision to terminate the Plaintiff's employment was based in part on her age and her sex and gender.

31. Defendant's reasons for termination of Plaintiff are pretextual.

32. Defendant's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by Title VII, the ADEA, and the FCRA.

33. Had Defendant not discriminated against Plaintiff on the basis of her age and sex, Plaintiff would have continued to work for Defendant as Executive Director, Florida Outreach.

## COUNT I
## AGE DISCRIMINATION UNDER THE ADEA

34. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

36. Plaintiff was qualified for her job as Executive Director, Florida Outreach.

37. Plaintiff trained her replacement.

38. Plaintiff satisfactorily performed her job for over 28 years.

39. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

40. Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

41. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

42. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

43. Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

44. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

45. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant:

   a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADEA;

   b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

   c. judgment in her favor and against Defendant for his reasonable attorney's fees and litigation expenses;

   d. judgment in her favor and against Defendant for liquidated damages;

   e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the ADEA; and

   f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADEA

46. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

47. The ADEA provides in pertinent part, at 29 U.S.C. § 623(d) as follows:

Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

48. Plaintiff was qualified for her job as an Executive Director, Florida Outreach.

49. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

50. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination and retaliation, for which there is no adequate remedy at law.

51. Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

52. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

53. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADEA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorney's fees

and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages;

e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the ADEA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF
## FLORIDA CIVIL RIGHTS ACT

54. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

55. The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

56. At all material times, Plaintiff was protected by the FCRA.

57. Plaintiff was qualified for her job as an Executive Director, Florida Outreach.

58. Plaintiff satisfactorily performed her job for over 28 years.

59. Plaintiff trained her replacement.

60. The stated reason for Plaintiff's termination was pretextual.

61. On information and belief, shortly after her termination Plaintiff was replaced by a younger male with lesser qualifications.

62. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

63. Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

8

64. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

65. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

66. Defendant's age-discriminatory behavior towards Plaintiff was willful and with reckless disregard for the law entitling her to punitive damages.

67. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

68. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

    b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

    d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    e. judgment in her favor and against Defendant for punitive damages;

    f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

    g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## <u>SEX DISCRIMINATION IN VIOLATION OF TITLE VII</u>
## <u>DISPARATE TREATMENT</u>

69. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

70. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a).

71. Defendant discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees, and replacing her with a younger male employee whom she trained.

72. At all times material hereto, Plaintiff was qualified for her position with Defendant.

73. Plaintiff's sex was the determining factor and/or motivating factor in Defendant's termination of her employment.

74. Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff, or such reason was pretextual.

75. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

76. As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

77. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

78. Defendant's unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

79. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

80. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

81. Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

82. Defendant has no legitimate, non-discriminatory reason for the decision to

terminate Plaintiff.

83. The Defendant's stated reasons for termination are pretextual and were created post-hoc after Plaintiff engaged in protected activity.

84. The discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

85. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against discrimination and retaliation, for which there is no adequate remedy at law.

86. As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

87. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

88. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her sex.

89. Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

    b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

    d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

  e. judgment in her favor and against Defendant for punitive damages;

  f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

  g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## SEX DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## DISPARATE TREATMENT

90. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

91. The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." Fla. Stat. 760.10.

92. Defendant discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees, and replacing her with a younger male employee whom she trained.

93. At all times material hereto, Plaintiff was qualified for her position with Defendant.

94. Plaintiff's sex was the determining factor and/or motivating factor in Defendant's termination of her employment.

95. Defendant has no legitimate, non-discriminatory reason for its decision to terminate Plaintiff because it did not apply its policy evenhandedly to female and male employees.

96. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

97. As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

98. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

99. Defendants' unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

100. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

   a. judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

   b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

   c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

   d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

   e. judgment in her favor and against Defendant for punitive damages;

   f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

   g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VII
## RETALIATION IN VIOLATION OF THE FCRA

101. Plaintiff re-alleges the factual allegations contained within paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

102. The Florida Civil Rights Act makes it unlawful for an employer "to discriminate

against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." Fla. Stat. 760.10(7).

103. Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

104. The Defendant's stated reasons for termination are pretextual and were created post-hoc after Plaintiff engaged in protected activity.

105. The discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

106. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against discrimination and retaliation, for which there is no adequate remedy at law.

107. As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

108. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

109. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her sex.

110. As a result of the Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

    a. judgment in her favor and against Defendant for violation of the anti-

    discrimination/retaliation provisions of the FCRA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 14 day of December, 2021

        Respectfully Submitted,

        */s/ Paul M. Botros*
        Paul M. Botros
        FL Bar No.: 85035
        MORGAN & MORGAN, P.A.
        8151 Peters Road
        Suite 4000
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3017
        E-mail: pbotros@forthepeople.com

        *Trial Counsel for Plaintiff*